ORIGINAL

# In the United States Court of Federal Claims

No. 16-1436C
(Filed: December 1, 2016)
NOT FOR PUBLICATION

FILED
DEC - 1 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| TAYE LAMONTE ELLEBY, | ) |
| *Pro Se* Plaintiff, | ) |
| v. | ) Pro Se Complaint; RCFC 12(h)(3); |
| | ) Lack of Subject Matter Jurisdiction |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER OF DISMISSAL

The court is in receipt of the complaint filed on October 31, 2016 by pro se plaintiff Taye L. Elleby, who is incarcerated at Five Points Correctional Facility in Romulus, New York. In addition, on November 16, 2016, Mr. Elleby filed a "Proof of Claim Truth Affidavit Amicus Curiae," subtitled "Memorandum Motion of Honor," in support of his claims.

While the caption of Mr. Elleby's November 16, 2016 filing includes "USA" as defendant, the caption of the complaint and all of the claims in Mr. Elleby's filings describe the defendants in this case as state officials or other individuals "who all work at the [New York state] courts." *See, e.g.*, Compl. 2, 16. The basis of Mr. Elleby's complaint and his November 16, 2016 filing is that the state court and the individuals involved in his criminal case lacked authority or conspired against him. Mr. Elleby claims that he "has been illegally held in involuntary servitude as a result of a debt incurred after he was duped into believing that he was going to civil court as a result of being accused of sex trafficking and promoting prostitution." Compl. 1. Mr. Elleby also states that he provided the state court and the United States Treasury with "large amounts of money" in the form of promissory notes to pay the alleged debt. Compl. 3. Mr. Elleby cites the Fourteenth Amendment's Due Process Clause and part of the Federal Tort Claims Act, 28 U.S.C. § 2679, in support of his claim that he should be immediately released and paid $900 million in compensation for his allegedly unjust conviction and detention. Compl. 15-16. In his November 16, 2016 filing, Mr. Elleby also argues that

he is entitled to relief on the grounds that his criminal conviction violates the Thirteenth Amendment's prohibition against slavery, that none of the attorneys involved in his criminal case were qualified, that his conviction was due to fraud and that he was deprived of his right under the Sixth Amendment and federal and state statutes to know the nature of the case against him, and that the state court lacked jurisdiction over him as a "sovereign American."

Pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A plaintiff has the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *See Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (citing *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Although pro se plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claims. *See Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted).

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants this court jurisdiction to hear "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*."

This court lacks jurisdiction over claims where the defendant is any entity other than the United States. *See, e.g., Conner v. United States*, 641 F. App'x 972, 975 (Fed. Cir. 2016) (per curiam) (citing 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Berdick v. United* States, 612 F.2d 533, 536 (Ct. Cl. 1979)). Therefore, Mr. Elleby's claims against state officials and private individuals are outside this court's jurisdiction and must be dismissed.

In addition, this court is bound by Supreme Court and Federal Circuit precedent holding that the court's jurisdiction under the Tucker Act "is limited to claims against the United States based on sources of law that mandate monetary relief." *Id.* (citing *United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)). A plaintiff must show that "the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Id.* (quoting *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983)). Even if the court were to read Mr. Elleby's complaint as against the United States, the court lacks jurisdiction to hear Mr. Elleby's claims because the Federal Circuit has found that the authorities Mr. Elleby relies on are not money mandating. *See id.* (citing, e.g., *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Harris v. United States*, 118 Fed. Cl. 180, 190 (2014); *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004); *Carter v. United States*, 228 Ct. Cl.

898, 900 (1981)).  In addition, this court lacks authority under the Tucker Act to hear claims "sounding in tort."  28 U.S.C. § 1491(a)(1).  Therefore, the court lacks jurisdiction over Mr. Elleby's tort claims, including his allegations of fraud.

For the reasons above, Mr. Elleby's complaint must be **DISMISSED**.[1]  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

_____
NANCY B. FIRESTONE
Senior Judge

---

[1] On November 16, 2016, Mr. Elleby filed a motion to proceed in forma pauperis and a "promissory note" for $410.  Mr. Elleby's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of filing the complaint.

3